UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHELLE FITZGERALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-04291-RLY-TAB |
| | ) |
| RONCALLI HIGH SCHOOL, INC., | ) |
| ROMAN CATHOLIC ARCHDIOCESE OF | ) |
| INDIANAPOLIS, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION TO BIFURCATE**

**I.    Introduction**

Defendants have filed a motion to bifurcate discovery [Filing No. 43], seeking to limit initial discovery in this matter to the issue of the applicability of the "ministerial exception," which provides First Amendment safeguards to religious groups.  This Court recently dealt with this precise issue in the related case of *Starkey v. Roman Catholic Archdiocese of Indianapolis, Inc.*, No. 1:19-cv-03153-RLY-TAB, 2019 WL 7019362 (S.D. Ind. Dec. 20, 2019).  While a different case with slightly different facts, the parties raise nearly identical arguments as those raised in *Starkey*.  The result remains the same: though the question of whether to order bifurcation is a close call and within the Court's discretion, this litigation will proceed most expeditiously by moving forward with full discovery.  Accordingly, Defendants' motion to bifurcate discovery [Filing No. 43] is denied.

**II.     Discussion**

Earlier in this case, Defendants filed a motion to stay the proceedings pending anticipated U.S. Supreme Court rulings that potentially could be controlling. [Filing No. 17.] On June 15, 2020, the Supreme Court handed down an opinion, *Bostock v. Clayton County*, No. 17-1618, __ U.S. __, __ S. Ct. __, 2020 WL 3146686 (June 15, 2020), which ruled on those exact cases Defendants cited in their earlier motion. The Supreme Court held in *Bostock* that an employer violates Title VII by firing an individual for being homosexual or transgender. *Id.* at __, __ S. Ct. at __, 2020 WL 3146686, at *3 ("An employer who fires an individual for being homosexual or transgender fires that person for traits or actions it would not have questioned in members of a different sex. Sex plays a necessary and undisguisable role in the decision, exactly what Title VII forbids."). The Court concluded that Title VII's message is clear: "An individual's homosexuality or transgender status is not relevant to employment decisions. That's because it is impossible to discriminate against a person for being homosexual or transgender without discriminating against that individual based on sex." *Id.* at __, __ S. Ct. __, __, 2020 WL 3146686, at *7.

This Court denied Defendants' motion to stay when *Bostock* was still pending and noted that the motion "mirrors a motion to stay filed in a strikingly similar case, *Starkey*[.]" [Filing No. 31.] Now, the Court is once again denying Defendants' attempt to limit discovery. This time, Defendants have filed a motion to bifurcate discovery, requesting that the Court limit discovery to determine whether Plaintiff Michelle Fitzgerald was performing ministerial duties within the scope of the ministerial exception. [Filing No. 43.] Defendants contend that application of the ministerial exception would be dispositive of all claims and that bifurcation is the standard practice in these types of cases. [Filing No. 44, at ECF p. 11.] In addition, Defendants argue

that bifurcation would avoid prejudice to Defendants' constitutional rights, prevent the Court from becoming entangled in religious questions, and expedite the litigation. [Filing No. 44, at ECF p. 13.]

Fitzgerald opposes Defendants' motion, arguing that she was not a minister and that Defendants' claimed reason for how she was treated is merely a pretext. [Filing No. 54, at ECF p. 1-2.] Fitzgerald contends that the applicability of the ministerial exception in this matter is "hotly contested, and unlikely to resolve upon summary judgment" and that even assuming Defendants were entitled to it, some of her claims would remain to proceed on the merits. [Filing No. 54, at ECF p. 2.] She claims that Defendants' entanglement concern is not relevant because she has not brought a religious discrimination claim, but rather alleges that comparable male and/or heterosexual employees were treated differently than her following substantially similar conduct. [Filing No. 54, at ECF p. 12.] Thus, Fitzgerald contends that her claims do not require the Court to resolve any religious questions. [Filing No. 54, at ECF p. 12.] Finally, Fitzgerald argues that bifurcation would require unnecessary time and expense and hinder resolution of this matter. [Filing No. 54, at ECF p. 2.]

Defendants' bifurcation motion once again is strikingly similar to a motion to bifurcate filed in *Starkey*.[1] In *Starkey*, this Court reviewed and distinguished the cases the defendants cited in support of their motion to bifurcate before noting that ultimately, it was "struck by what appear to be significant and material disputes in facts underlying Starkey's duties with the Archdiocese." *Starkey*, No. 1:19-cv-03153-RLY-TAB, 2019 WL 7019362, at *2. Thus, the Court concluded that the applicability of the ministerial exception was "very much up in the air"

---

[1] The defendants in *Starkey* filed an objection to the Court's order denying the motion to bifurcate. *Starkey*, 1:19-cv-03153-RLY-TAB, Filing No. 42 (S.D Ind. Dec. 23, 2019). The Court has not yet ruled on that objection. The Court did, however, grant a motion to stay the order until the objection is ruled on. *Id.*, Filing No. 52 (S.D. Ind. Jan. 16, 2020).

at this early point in the case. *Id.* Moreover, the Court articulated that the question of whether Starkey's role could be considered ministerial is a question of fact, which is usually left for a jury. *Id.*, 2019 WL 7019362, at *3. In the end, the Court concluded litigation would proceed most expeditiously by moving forward with full discovery and denied the defendants' motion to bifurcate. *Id.*, 2019 WL 7019362 at *4.

     For nearly identical reasons, the Court reaches the same conclusion with Defendants' motion today. As noted in *Starkey*, whether Fitzgerald's role can be considered ministerial is a fact-intensive question usually left for a jury. *See Grussgott v. Milwaukee Jewish Day School, Inc.*, 882 F.3d 655, 657 (7th Cir. 2018) ("[W]hether Grussgott's role as a Hebrew teacher can properly be considered ministerial is subject to a fact-intensive analysis. And usually such questions are left for a jury."), *cert denied*, 139 S. Ct. 456 (2018). Defendants and Fitzgerald paint Fitzgerald's job duties in two different lights, making it difficult to conclude at this stage whether the ministerial exception may apply. Ultimately, whether to grant or deny a motion to bifurcate is within the Court's discretion. *See, e.g., Eli Lilly and Co. v. Valeant Pharmaceuticals Intern.,* No. 1:08-cv-1720-SEB-TAB, 2009 WL 4745664, at *2 (S.D. Ind. Dec. 4, 2009) ("Bifurcation of discovery may be appropriate when separating issues will avoid unnecessary time and expense and further the interest of expedition. The decision to bifurcate discovery is a matter committed to the discretion of the trial court as it has the inherent power to control its docket." (Internal citations, quotation marks, and ellipses omitted)); *Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 932 (N.D. Ill. 2013) ("District courts have broad discretion in discovery matters. This discretion extends to a district court's decision to bifurcate discovery." (Internal citations, quotation marks, and brackets omitted)). This Court once again concludes, as it did in

*Starkey*, that this litigation will proceed most expeditiously by moving forward with full discovery.  Accordingly, Defendants' motion to bifurcate is denied.

**IV.     Conclusion**

While once again a close question, the Court exercises its discretion by denying Defendants' motion to bifurcate discovery.  [Filing No. 43.]  Defendants shall respond to Fitzgerald's outstanding discovery requests within 14 days of this order.

Date: 6/17/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email