UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHELLE FITZGERALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04291-RLY-TAB |
| | ) | |
| RONCALLI HIGH SCHOOL, INC. and | ) | |
| ROMAN CATHOLIC ARCHDIOCESE OF | ) | |
| INDIANAPOLIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Michelle Fitzgerald, Plaintiff, sued Roncalli High School and the Roman Catholic Archdiocese of Indianapolis, Defendants, after Defendants declined to renew her employment contract upon learning of her marriage to another woman. Fitzgerald brought claims of discrimination, retaliation, and hostile work environment under Title VII, retaliation under Title IX, and Indiana state law claims of tortious interference with a contractual relationship and tortious interference with a business relationship. She asserts the state law claims against the Archdiocese only.

This case presents virtually identical issues to those presented in another case in this court, *Starkey v. Roncalli High School, Inc. and the Roman Catholic Archdiocese of Indianapolis, Inc.*, No. 1:19-cv-03153-RLY-TAB, namely the extent to which civil rights laws apply to religious institutions. The court recently granted in part and denied in part Defendants' motion for judgment on the pleadings in *Starkey*. *See id.* (Filing No. 93). Because this motion presents the same arguments and issues as those addressed in this

1

court's entry in *Starkey*, the court incorporates the reasoning and conclusions from that motion. Defendants' motion is, therefore, **GRANTED in part** and **DENIED in part**.

I.   **Background**

The following facts are taken from Fitzgerald's Complaint, which the court accepts as true at this stage of the litigation. *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 400 (7th Cir. 2018). Roncalli is a Catholic school in Indianapolis, Indiana, and it is operated under the guidance and supervision of the Roman Catholic Archdiocese of Indianapolis. (Filing No. 1, Compl. ¶ 15). Fitzgerald worked at Roncalli, primarily as a Guidance Counselor and Co-Director of Guidance, from 2004-2019. (Filing No. 1, Complaint ¶ 27-28). Her employment contract was subject to renewal on an annual basis. (*Id.* ¶ 29). A few years ago, the Archdiocese directed Roncalli to implement uniform "morals clauses" in its employee contracts. (*Id.* ¶ 49).

In 2017, the Archdiocese and Roncalli replaced the standard employment contract with a "School Guidance Counselor Ministry Contract" and an "Archdiocese of Indianapolis Ministry Description" for school guidance counselors. (*Id.* ¶ 50; Filing No. 42-2, School Guidance Counselor Ministry Contract, "Contract"; Filing No. 42-3, Archdiocese of Indianapolis Ministry Description, "Job Description"). The Job Description specified that "[a]s role models for students, the personal conduct of every school guidance counselor . . . must convey and be supportive of the teachings of the Catholic Church," which includes "the belief that all persons are called to respect human sexuality and its expression in the Sacrament of Marriage as a sign of God's love and fidelity to His Church." (Job Description ¶ V). Accordingly, an employee would be in

2

default of her contract if she violated the Church's teachings on marriage.  The Contract provided:

> 6. **Defaults.** The School Guidance Counselor shall be deemed to be in default under this contract in the event of any breach of duty hereunder, including, but not limited to the following:
> . . .
>     i.    Relationships that are contrary to a valid marriage as seen through the eyes of the Catholic Church; and
>
>     j.    . . . any personal conduct or lifestyle at variance with the policies of the Archdiocese or the moral or religious teachings of the Roman Catholic Church.

(Contract, at 2).  The Catholic Church instructs that marriage is a "covenant" between a "man and a woman."  Code of Canon Law, Canon 1055.  The Catholic Church also believes that homosexual acts are "contrary to natural law" and "do not proceed from a genuine affective and sexual complementarity."  Catechism of the Catholic Church ¶ 2357.  "Under no circumstances can they be approved."[1]  *Id.*

Fitzgerald has been married to a woman since 2014.  (Compl. ¶ 51).  On August 10, 2018, Roncalli President Joseph Hollowell and Principal Chuck Weisenbach met with Fitzgerald and informed her they knew of her marriage.  (*Id.* ¶ 52).  They presented her with four options: she could resign, dissolve her marriage, keep quiet until her contract was up at the end of year, or she could be fired.  (*Id.* ¶ 53).  They explained that her

---

[1] The court takes judicial notice of the Code of Canon Law and the Catechism of the Catholic Church.  Fed. R. Evid. 201.

3

marriage violated her employment contract because it was contrary to the teachings of the Catholic Church.  (*Id.* ¶ 54).

Fitzgerald refused to resign, keep quiet, or dissolve her marriage, so Defendants placed her on paid administrative leave on August 10, 2018.  (*Id.* ¶ 55-56).  On May 2, 2019, Roncalli informed Fitzgerald that her employment contract, which expired on July 31, 2019, would not be renewed.  (*Id.* ¶ 66).

## II. Legal Standard

A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014).  "To survive a motion to dismiss, a complaint must 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

## III. Discussion

As mentioned above, Defendants' motion presents the same issues and arguments as those presented in *Starkey*.  First, Defendants' argue they are entitled to judgment on the pleadings on Fitzgerald's Title VII claims because those claims are barred by § 702(a) of Title VII, which provides an exemption for religious institutions.  *See* 42 U.S.C. § 2000e-1(a).  Religious exemptions aside, Defendants next argue that they had a neutral, nondiscriminatory reason for their employment decision: Fitzgerald violated her

employment contract by entering a same sex marriage.  Defendants next argue that Fitzgerald's Title IX retaliation claim is preempted by Title VII and otherwise barred by Title IX's exemption for religious schools.  *See* 20 U.S.C. § 1681(a)(3).  Finally, Defendants argue Fitzgerald's claims are barred by various First Amendment doctrines: the right of religious autonomy, the prohibition on government entanglement in religious questions, and the freedom of association.

Given the factual and legal overlap between this case and *Starkey*, the court adopts the reasoning and conclusions in its entry on Defendants' motion to dismiss in *Starkey*. Specifically, the court concludes that Title VII's religious exemption does not bar Fitzgerald's Title VII claims.  The exemption prohibits claims of religious discrimination against religious employers when the employer favored a coreligionist, but it does not allow religious employers to discriminate on the basis of other protected characteristics, such as sexual orientation.  The court also concludes Fitzgerald has carried her burden of pleading sufficient facts to support a plausible claim of a Title VII violation.

Next, the court concludes that the First Amendment does not bar Fitzgerald's claims on the pleadings.  It is premature to conclude whether religious autonomy bars Fitzgerald's claims because there is a factual dispute regarding Fitzgerald's role at Roncalli.  It would be similarly premature to dismiss Fitzgerald's claims on excessive entanglement grounds because the parties dispute what Fitzgerald's role as a guidance counselor entailed.  As for freedom of association, the court concludes that it is inapplicable in the employment context.

Finally, the court concludes Fitzgerald's Title IX retaliation claim is preempted by Title VII. The court, therefore, need not consider whether Title IX's exemption for religious schools applies.

### IV.   Conclusion

The court concludes that Title VII's religious exemption does not bar Fitzgerald's Title VII claims. The court also concludes that Fitzgerald has alleged sufficient facts to support her Title VII claims of sexual orientation discrimination, retaliation, and hostile work environment. But it is premature to conclude whether the First Amendment bars Fitzgerald's claims. Finally, the court agrees with Defendants that Title VII preempts Fitzgerald's retaliation claim under Title IX.

Accordingly, Defendants' Motion for Judgment on the Pleadings (Filing No. 41) is **GRANTED in part** and **DENIED in part.**

**SO ORDERED** this 31st day of March 2021.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.