UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHELLE FITZGERALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-cv-4291-RLY-TAB |
| ) | |
| RONCALLI HIGH SCHOOL, INC., ) | |
| and the ROMAN CATHOLIC ) | |
| ARCHDIOCESE OF ) | |
| INDIANAPOLIS, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR,
IN THE ALTERNATIVE, MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants the Roman Catholic Archdiocese of Indianapolis and Roncalli High School, Inc. (collectively, "Archdiocese"), under Federal Rule of Civil Procedure 56 and Local Rules 7-1 and 56-1, move for summary judgment on all claims brought by Plaintiff, Shelly Fitzgerald. Alternatively, under Federal Rule 12(c) and Local Rule 7-1, Defendants move for judgment on the pleadings on all claims. This motion is supported by an accompanying brief under Local Rule 7-1(b)(1) and appendix of supporting evidence under Local Rule 56-1(e). In further support, the Archdiocese states as follows:

**I. Summary Judgment**

Summary judgment is required "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, the undisputed facts show that Fitzgerald was a "minister" for purposes of the First Amendment's ministerial exception, as in the parallel *Starkey* case. And because all Fitzgerald's claims stem from the nonrenewal of her contract for a ministerial role, her claims are barred by the First Amend-

3

ment, as in the parallel *Starkey* case. Accordingly, summary judgment is required.[1]

## II. Judgment on the Pleadings

Alternatively, the Archdiocese is also entitled to judgment on the pleadings. Judgment on the pleadings is required if the complaint fails to state a plausible claim for relief or sets out all of the elements of an affirmative defense. Here, Fitzgerald's claims fail on the pleadings based on several statutory and constitutional defenses.[2]

*First*, Fitzgerald's claims are barred by the Religious Freedom Restoration Act (RFRA), because imposing liability under Title VII would substantially burden the Archdiocese's religious exercise and is not the least restrictive means of furthering a compelling governmental interest.

*Second*, Fitzgerald's claims are barred by Title VII because the Archdiocese is protected by Title VII's religious exemption; had a legitimate nondiscriminatory reason for its action; took action based on Fitzgerald's conduct, not status; and be-

---

[1] Based on this Court's order "that the parties bifurcate discovery and proceed only on the applicability of the ministerial exception," Dkt. 117 at 5, the parties have not yet engaged in discovery beyond the ministerial exception. Accordingly, the Archdiocese makes this motion without prejudice to its ability to move for summary judgment on other grounds, should this case proceed any further.

[2] This Court granted in part and denied in part the Archdiocese's previous motion for judgment on the pleadings. Dkt. 98. The Court denied the Archdiocese's Title VII defenses on the merits, *id.* at 5, and the Archdiocese respectfully requests reconsideration of that ruling. *See Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir. 1985) (court has inherent authority to reconsider rulings). The Court denied the Archdiocese's First Amendment defenses on the ground that resolving those defenses would be "premature," Dkt. 98 at 5, and the Archdiocese respectfully submits that resolution of those defenses is no longer premature. The Court has not yet considered the Archdiocese's RFRA defense, which was given new force by the Supreme Court's decision in *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020). *See Boulger v. Woods*, 306 F. Supp. 3d 985, 995, 997 (S.D. Ohio 2018) (parties can move for judgment on the pleadings at any stage of the case after pleadings have closed, so long as the motion will not delay trial). *Bostock* was decided after briefing closed on the prior motion for judgment on the pleadings and notes that RFRA is a "super statute" that "might supersede Title VII's commands" in cases like this one. 140 S. Ct. at 1754. The Archdiocese also has a pending motion to amend the prior denial in part, Dkt. 107, though that motion would be rendered moot by a decision granting judgment for the Archdiocese on this motion.

cause Fitzgerald has failed to plead "but-for" causation with respect to her Title VII retaliation claim.

*Third*, Fitzgerald's claims are barred by the First Amendment doctrine of religious autonomy, which protects the right of religious organizations to hire non-ministers based on considerations of religious doctrine.

*Fourth*, Fitzgerald's claims are barred by the First Amendment prohibition on government entanglement in religious questions, as her claims would require a court (or jury) to weigh the relative significance of various violations of Catholic teaching.

*Fifth*, Fitzgerald's claims are barred by the First Amendment freedom of association, as they would force Roncalli to retain an employee who would undermine its ability to communicate the Catholic Church's teachings on marriage.

*Finally*, even if there were doubt about the Archdiocese's First Amendment defenses, the doctrine of constitutional avoidance obligates the Court to interpret Title VII to avoid serious constitutional questions and bar Fitzgerald's claims.

*   *   *

Accordingly, the Archdiocese respectfully requests that this Court enter judgment in its favor on all claims.

Respectfully submitted.

| | |
|---|---|
| John S. (Jay) Mercer, #11260-49<br>Wooton Hoy, LLC<br>13 North State Street, #2A<br>Greenfield, IN<br>46140 (317) 439-0541 | /s/ Luke W. Goodrich<br>Luke W. Goodrich (DC # 977736)<br>Daniel H. Blomberg (DC # 1032624)<br>Joseph C. Davis (DC # 1047629)<br>Christopher C. Pagliarella (DC # 273493)<br>The Becket Fund for Religious Liberty<br>1919 Pennsylvania Ave. NW, Suite 400<br>Washington, DC 20006<br>(202) 955-0095<br>(202) 955-0090 fax<br><br>*Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon the following on November 22, 2021 by this Court's electronic filing system:

David T. Page
1634 W. Smith Valley Road, Suite B
Greenwood, IN 46142
(317) 885-0041

Mark W. Sniderman
Findling Park Conyers Woody &
Sniderman, P.C.
151 N. Delaware St., Suite 1520
Indianapolis, IN 46204
(317) 231-1100

Richard B. Katskee
Bradley Girard
Adrianne M. Spoto
Americans United for Separation of
Church and State
1310 L Street NW, Suite 200
Washington, DC 20005
(202) 466-3234

By: <u>/s/ Luke W. Goodrich</u>
Luke W. Goodrich
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
(202) 955-0095
(202) 955-0090 fax
